IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

In the Matter of: )
Vexatious Litigation )
)
_____ )

## PRESIDING JUDGE'S SCREENING ORDER

This matter came before the court for hearing on October 8, 2018 and on November 6, 2018. Donald Tangwall, Barbara Tangwall, Donna Uphues, and the business entities were given notice of the hearings and an opportunity to be heard. They did not appear at either hearing.

Donald Tangwall, Barbara Tangwall, and Donna Uphues have at least 30 open and closed cases.[1] They are not represented by counsel in any pending matter.[2] Each of these individuals

---

[1] 4FA-13-00060SC, *Dees dba D's Marine Shop v. Don Tangwall and Donna Uphues d/b/a Highwater Mark, LP*, removed to district court by Mr. Tangwall as case number 4FA-13-01586CI and appealed twice as 4FA-14-02654CI and 4FA-16-01449 CI
4FA-13-03022CI, *Stephen Ward v. Donald Tangwall, Barbara Tangwall, and Donna Uphues Individually and Salcha Marine, Inc.* appealed as case number 4FA-18-01702CI
4FA-14-00285 SC, *Eric Fowler v. Donald Tangwall, Barbara Tangwall and Donna Uphues*, removed to district court by all defendants as case number 4FA-14-01998 CI
4FA-14-00321SC, *Eric Fowler v. Donald Tangwall, Barbara Tangwall and Donna Uphues*, removed to district court by all defendants as case number 4FA-14-02084 CI
4FA-15-00030TR, *Toni 1 Trust and Donald Tangwall*
4FA-15-00616SC, *Eric Fowler v. Donald Tangwall, Barbara Tangwall and Donna Uphues, and Highwater Mark, LP*, consolidated, at the request of all defendants, with case number 4FA-14-2084CI
4FA-15-00769SC, *Barbara Tangwall and Highwater Mark, LP v. Phill Dees dba D's Machine Shop*, removed to district court by Defendant as case number 4FA-15-02443CI  -who requested transfer?
4FA-15-01603CI, *Toni 1 Trust and Donald Tangwall v. Wacker, Wacker and Compton*
4FA-15-2443CI, *Highwater Mark, LP and Barbara Tangwall v. Dees*
4FA-16-00052TR, *Chadak Trust and Donald Tangwall*
4FA-16-00763SC, *Marsha Renaud and Richard Renaud v. Corporate Veil and Highwater Mark, LP*, transferred to district court to case number 4FA-17-01420 CI, Donald Tangwall filed a Motion to Dismiss and Motion to Quash
4FA-16-01434CI, *Donald Tangwall v. Phill Dees dba D's Machine Shop*
4FA-16-01919CI, *Barbara Tangwall, Rachel Myrstol v. Barbara Wacker, William Wacker, Todd Gunderson, Eric Leroy, William Edwards, Larry J. Djerness, Joel Marking, Lance Lundvall, Lon E. Sibley, John La Pierre, TW Trickle Down Trucking, LP, Boot Print Ranch and Allan Payne*, Donald Tangwall filed a motion for intervention and it was denied - Closed
4FA-17-00611CI, *Jennifer Ham v. Donald Tangwall* - Closed

Presiding Judge's Screening Order
Page 1



Ex. A

files documents with the court almost daily.[3] Pleadings filed by these individuals are frequently deficient and require a significant amount of clerical and judicial instruction in order to correct the deficiencies.[4] Claims advanced by these litigants repeatedly and consistently are found to be meritless.[5]

Donald Tangwall has been found to be a vexatious litigant by the Alaska Superior Court and other courts.[6] Donald Tangwall attempted to perpetrate a fraud on the court by using an assignment of rights to circumvent the superior court's order that Mr. Tangwall could not represent Ms. Uphues.[7] Pre-litigation screening orders for Mr. Tangwall have been issued in two of his cases.[8]

---

4FA-17-01387CI, *Chris Bush, Donna Uphues v. Aaron Ham, Jennifer Ham and Elizabeth Nava*, Donald Tangwall filed a motion to intervene and it was denied
4FA-17-01675CI, *Donald Tangwall v Law Offices of William Satterberg Jr., Phill Dees, William Satterberg, Thomas Temple, Amy Welch and Stephen Ward* – Closed
4FA-17-01732 CI, *Donald Tangwall v Phill Dees* - Closed
4FA-18-01647CI, *Donald Tangwall and Donna Uphues v. Phill Dees, Stephen Ward, the Law Offices of William R. Satterberg* - Closed
4FA-18-01771CI, *Stephen Ward and the Law Offices of William R. Satterberg, Jr., v. Barbara Tangwall, Donna Uphues, Highwater Mark LP, Salcha Marine, LP, CBT Farm and Mine, Inc., Trust Protectors of Alaska, LP, Float Alaska Club, Corporate Veil, Tanglewood Trust, Baby Duck Trust, Toni 1 Trust, Halibut Trust, and Tecopa Trust*, pending motion to intervene filed by Donald Tangwall
4FA-18-02365 CI, *Donald Tangwall v Phill Dees*
4FA-16-01919CI, *Barbara Tangwall v Barbara Wacker et al* – Closed
*Donald Tangwall v. Dees*, Alaska Supreme Court case S-16640;
[2] See above.
[3] See above.
[4] See above.
[5] See above.
[6] *Donald Tangwall and Margaret Bertran v. Edwards, et. al.*, Montana case DV-11-08 declaring Tangwall a vexatious litigant and indicating Tangwall had been involved in ten other separate cases; *In re: Margaret A. Bertran*, F12-00501-FC, United States Bankruptcy Court for the District of Alaska, declaring Tangwall a vexatious litigant; *Donna Uphues, Chris Bush, and Tanglewood Trust v. Aaron Ham, Jennifer Ham and Elizabeth Nava*, 4FA-17-1387 CI
[7] Attachment 1 (*Donna Uphues, Chris Bush, and Tanglewood Trust v. Aaron Ham, Jennifer Ham and Elizabeth Nava*, 4FA-17-1387 CI, Pre-Litigation Screening Order).
[8] Attachment 1 (4FA-17-1387 CI); Attachment 2 (4FA-17-01675 CI).

Donald Tangwall, Barbara Tangwall, and Donna Uphues are associated with one another in many of the cases.[9] Donald Tangwall has power-of-attorney for Donna Uphues and has relied on that power-of-attorney in repeated attempts to litigate matters on her behalf. He has also attempted to litigate matters on behalf of Barbara Tangwall.[10]

Donald Tangwall is also associated with several business entities, including: Highwater Mark LP, Salcha Marine LP, CBT Farm and Mine Inc., Trust Protectors of Alaska LP, Float Alaska Club, Corporate Veil, Tanglewood Trust, Babyduck Trust, Toni 1 Trust, Halibut Trust, and Tecopa Trust. He recently filed a Motion to Intervene in a case involving Barbara Tangwall, Donna Uphues, and these business entities.[11] His filing avers[12] that he is associated with these entities as follows:

- General Partner of Highwater Mark LP
- General Partner of Salcha Marine LP, president of CBT Farm and Mine Inc.
- General Partner of Trust Protectors of Alaska LP
- Partner of Float Alaska Club
- General Partner of Corporate Veil
- Trustee of Tanglewood Trust
- Trustee of Babyduck Trust
- Trustee of Toni 1 Trust
- Trustee of Halibut Trust
- Trustee of Tecopa Trust.

BASED ON THE ABOVE, the court finds that a screening order is needed. The following order is entered and is effective immediately:

1. **Filing fees.** Donald Tangwall contends he has an interest in a variety of business entities and trusts that he contends are viable, and he has not contended that the values of those entities are *de*

---

[9] See footnote 1.
[10] 4FA-17-1387 CI; 4FA-18-1771 CI.
[11] 4FA-18-1771 CI.
[12] 4FA-18-1771 CI (Notice of Assignment of the Rights to a Chose of Action and Motion for Intervention).

*minimus*. For this reason, the court finds that Donald Tangwall cannot credibly establish indigency or an inability to pay filing fees at this time. It is therefore ordered that any request he makes to waive filing fees is DENIED. If Mr. Tangwall believes that a change of circumstances arises such that he becomes eligible for a filing fee waiver, he must apply to the presiding judge for relief from this order. Any such application will not be considered by the court unless he files an affidavit swearing to his inability to pay the fees. Additionally, because he has previously attempted to perpetrate a fraud on the court,[13] any such request for relief from payment of filing fees must be accompanied by a copy of his most recent tax return and a copy of the most recent tax return for any corporation, trust, LLC, LP, or other business entity that the party is associated with as a trustee, partner, or officer. Such a requirement is consistent with allowing access to justice for legitimate purposes while making reasonable requirements for access to the courts by a litigant who has consistently advanced meritless and vexatious litigation.

2. **Service.** All documents submitted to the court must be served on all parties to the case. In addition, the court now orders that whenever a document is required to be served on Barbara Tangwall, it is not sufficient that the document be served on Donald Tangwall. It must be served directly on Barbara Tangwall in addition to any other necessary service. Additionally, whenever a document is required to be served on Donna Uphues, it is not sufficient that the document be served on Donald Tangwall. It must be served directly on Donna Uphues in addition to any other necessary service.

---

[13] *Donna Uphues, Chris Bush, and Tanglewood Trust v. Aaron Ham, Jennifer Ham and Elizabeth Nava*, 4FA-17-1387 CI.

Presiding Judge's Screening Order
Page 4

2. **Public Viewing**. Donald Tangwall, Barbara Tangwall, Donna Uphues, and other business entities associated with any of these individuals shall not be given access to public viewing of files except as follows: Donald Tangwall may review files for up to two hours on Tuesday mornings at 10 a.m. Donna Uphues may review files for up to two hours on Wednesday mornings at 10 a.m. Barbara Tangwall may review files for up to two hours on Thursday mornings at 10 a.m. A representative of the business entities may review files for up to 90 minutes on Tuesday mornings at 10:30 a.m. Additionally, if any of these parties needs to review a court file, the party must file a written request for viewing that clearly states the case name and case number of any file that is requested, and the request must be made at least 3 business days prior to the viewing time. If additional time for review of a particular case file is needed, a motion must be filed in that case asking for additional time and clearly explaining why the time currently allowed is insufficient. Any individual or representative of a business entity shall be courteous when reviewing files and interacting with clerical staff, and such individuals or representatives shall not act in a manner that is threatening or intimidating. This order is necessary to allow these litigants to review their files in a predictable and orderly fashion without unduly burdening clerical staff with repeated requests for files, requiring them to recover files from chambers.

3. **Litigation on behalf of other persons or entities.** Issues involving Donald Tangwall's inability to represent another individual, a limited liability company, a limited partnership, a corporation, or a partnership are now settled and will not be relitigated. The "unlicensed, in-

Presiding Judge's Screening Order
Page 5

Case 4:19-cv-00018-SLG   Document 1-1   Filed 05/31/19   Page 5 of 9

6. **Litigation involving the Law Offices of William R. Satterberg.** Donald Tangwall, Barbara Tangwall, Donna Uphues, and the business entities are enjoined from filing any complaint, pleading, motion or other document against the Law Offices of William R. Satterberg without the express prior permission of Judge Michael P. McConahy, who is the judge now assigned to the matter of *Tangwall v. The Law Offices of William R. Satterberg, Jr.*, Case No. 4FA-17-1675 CI, or from any subsequently assigned judge, the presiding judge, or the presiding judge's designee.

7. **Screening Order.**

    A. Documents from Donald Tangwall, Barbara Tangwall, Donna Uphues, or the above-named trusts and business entities shall not be accepted for filing by the clerk's office until a judge has reviewed the documents. Donald Tangwall, Barbara Tangwall, Donna Uphues, and the above-named trusts and business entities may not deliver documents directly to the clerks' office. Documents from these individuals and entities must be mailed through the US Mail or placed in the drop box in the lobby of the Fairbanks Courthouse.

    B. Permission to file a complaint, pleading, motion or other document against Aaron or Jennifer Ham or Elizabeth Nava or against the Law Offices of William R. Satterberg, may be obtained by attaching to any proposed complaint, pleading, motion, or other document, a document captioned, "Application Seeking Leave to File" (Application). The Application MUST be supported by a declaration under penalty of perjury by the applicant stating: (1) that the matters asserted in the complaint, pleading, motion, or other document have never been raised or disposed of on the merits by any court, (2) that the claim or claims are not frivolous, or made in bad faith, or for the purposes of harassment, and (3) that the applicant has conducted a

reasonable investigation of the facts, and the investigation supports the claims or allegations. The Application may be mailed or placed in the drop box in the lobby of the Fairbanks Courthouse. The Application may not be delivered directly to the clerk's office. Unless otherwise directed by the court, counsel or other parties to the case shall not file any response or opposition to the Application.

C. The court will disapprove and deny the filing of any proposed complaint, pleading, motion, or other document which fails to include the preceding information, as required by this Order, or which fails to follow the procedural rules of the Alaska Rules of Civil Procedure and/or the local rules adopted by the judicial district in which the applicant intends to file the complaint, pleading, motion or other document.

D. This Order applies to all cases involving the named litigants, without consideration for whether a case is open or closed, and it applies to any and all future cases involving these litigants.

E. Failure to comply with this Order will be sufficient grounds to deny any Application made by Donald Tangwall, Barbara Tangwall, Donna Uphues, or the trusts or business entities.

8. **Review of this order.** Litigants who are subject to this order may seek review of this order by the Alaska Supreme Court. To the extent that the litigant may be required to seek a stay in the trial court before requesting relief from the Supreme Court, the litigants are advised that any such request shall be and hereby is denied. In addition to the right to appeal this order, litigants have the right to file an original action with the Supreme Court under Appellate Rule 404.

Dated this __7__ day of November, 2018 at Fairbanks, Alaska.

Bethany S. Harbison
Presiding Judge

## Certificate of Service

This is to certify that on November 7, 2018, I mailed a true and correct copy of the Presiding Judge's Notice of Hearing Regarding Need for Pre-litigation Screening Order to:

Donald Tangwall

Barbara Tangwall

Donna Uphues

Salcha Marine, Inc. c/o Jason Crawford

Highwater Mark, LP

Corporate Veil

Toni 1 Trust c/o Jason Crawford

Chadak Trust c/o Donald Tangwall, Trustee

Baby Duck Trust c/o Donald Tangwall

CBT Farm and Mine, Inc., c/o Donald Tangwall

Float Alaska Club c/o Donald Tangwall

Halibut Trust c/o Donald Tangwall

Tanglewood Trust c/o Donald Tangwall

Tecopa Trust c/o Donald Tangwall

Trust Protectors of Alaska LP c/o Donald Tangwall

Dated this 7th day of November, 2018 at Fairbanks, Alaska.

Sandy Stahl