Barbara Tangwall, individually, and
Barry Donnellan in his individual capacity as
Co-Trustee of the Toni 1 Trust and
Co-Trustee of the Halibut Trust
PO Box 140118, Salcha, Alaska 99714
907-888-7087

RECEIVED
MAY 3 1 2019
Clerk, U.S. District Court
Fairbanks, AK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE E. BUSCHER and<br>LOIS L. BUSCHER,<br><br>        Plaintiffs,<br><br>v.<br><br>BARBARA TANGWALL,<br>DONALD TANGWALL, and other<br>occupants of any portion of 11925/11901<br>Flyway Court, Salcha, AK,<br><br>        Defendants and<br>        Third Party Plaintiffs,<br><br>v.<br><br>YUKON TITLE COMPANY, INC.,<br>an Alaska corporation,<br><br>        Third Party Defendant. | Case No. |

## ANSWER, COUNTERCLAIM, AND THIRD PARTY COMPLAINT

Barbara Tangwall, individually, and Barry Donnellan in his individual capacity as Co-Trustee of the Toni 1 Trust and in his individual capacity as Co-Trustee of the Halibut Trust alleges as follows:

## Answer and Counterclaim

1. **Allegation**: Plaintiffs seek possession of the following real property, herein referred to as "the premises:"
   House and adjacent lot, 11925 Flyway Court (house) and 11901 Flyway Court (adjacent lot), Salcha, Alaska.
   **Answer**: Admitted.

2. **Allegation**: Plaintiffs are individuals and own the premises.
   **Answer**: Admitted that plaintiffs are individuals. Denied that they own the premises.

3. **Allegation**: Defendants took possession of the premises pursuant to: Deed of Trust dated 9/20/10 which was foreclosed for non-payment of underlying Note at Foreclosure sale dated 4/2/19: see Trustee's Deed recorded as 2019-004105-0, attached.
   **Answer**: Denied.

4. **Allegation**: Defendants failed to pay rent when due, or failed to comply with requirements of the rental agreement or requirements of law, and a Notice describing the problem has been served on defendants. A copy of the notice is attached to the complaint.
   **Answer**: Denied.

5.  **Allegation**: Defendants failed to pay the past due rent specified in the notice or cure the condition specified in the notice within the time provided by the Notice.
    **Answer**: Denied.

6.  **Allegation**: Defendants remain in possession of the premises.
    **Answer**: Admitted.

7.  **Allegation**: Defendants owe plaintiffs for: Other damages in an amount to be proved in court, not to exceed $_____ (specify other amount). Type or nature of other damages: holdover possession following foreclosure.
    **Answer**: Denied.

8.  All allegations in the complaint not specifically admitted or denied above are hereby denied.

9.  Affirmative defenses:
    (a) Answering defendants sought to pay the entire amount supposedly secured by the deed of trust. Plaintiffs without justification enlarged the amount supposedly owing by about $12,300. Answering defendants refused to pay the overcharge. Meanwhile, plaintiffs foreclosed on the illegal deed of trust.
    (b) Third party defendant Yukon Title Company, Inc. ("YTC"), as trustee of the deed of trust, is obligated by law to adjudicate the amount owing. Instead of satisfying its position as trustee under the illegal

Buscher et al. v. Tangwall et al. v. Yukon Title Company, Inc.
Answer, Counterclaim, Third Party Complaint
Page 3

Case 4:19-cv-00018-SLG   Document 3   Filed 05/31/19   Page 3 of 6

deed of trust, YTC purported to foreclose on the illegal deed of trust for the amount stated by plaintiffs.

10. The deed of trust of concern is void *ab initio* for failure to comply with AS 06.60.010.

Wherefore, Barbara Tangwall, individually, and Barry Donnellan in his individual capacity as Co-Trustee of the Toni 1 Trust and in his individual capacity as Co-Trustee of the Halibut Trust demand judgment against George E. Buscher and Lois L. Buscher, husband and wife, jointly and severally, as follows:

(a) Judgment declaring the deed of trust of concern herein to be void *ab initio*.
(b) Judgment declaring the Trustee's Deed of concern herein to be void *ab initio*.
(c) Costs incurred in this action;
(d) Such other damages as may be proven at trial.

## Third Party Complaint

1. This third party complaint is brought by Barbara Tangwall, individually, and Barry Donnellan in his individual capacity as Co-Trustee of the Toni 1 Trust and in his individual capacity as Co-Trustee of the Halibut Trust.

2. This third party complaint is brought against Yukon Title Company, Inc. ("YTC"), an Alaska corporation.

3. In 2010 plaintiffs George E. Buscher and Lois L. Buscher, husband and wife, sold and conveyed to Margaret Antonia Bertran ("Bertran") the real properties ("Property") described as follows:

> Lots 5 and 6, Block 2 of HOBSON HILL SUBDIVISION, according to the plat filed April 10, 1986 as Plat No. 86-43; Records of the Fairbanks, Fourth Judicial, State of Alaska.

4. Bertran paid the sum of $1,032.00 to YTC as title insurance when she purchased the Property. A copy of Bertran's "Owner's Policy" dated September 24, 2010 as provided by YTC is attached as Exhibit 1.

5. Bertran conveyed the Property to the Toni 1 Trust and the Halibut Trust pursuant to the Owner's Policy. See Definition of Terms at Paragraph (d)(i)(D)(4).

6. The security interest in the Property so purchased is void in that George E. Buscher and Lois L. Buscher failed to comply with the requirements of AS 06.60.010.

7. YTC failed to address the security interest to the Property when George E. Buscher and Lois L. Buscher sought to foreclose on the deed of trust.

8. YTC is obligated to third party plaintiffs on the Owner's Policy in the amount of $250,000.00.

9. The conduct of YTC is so outrageous as to entitle third party plaintiffs to punitive and exemplary damages equal to ten times actual damages proven at trial.

Wherefore, Barbara Tangwall, individually, and Barry Donnellan in his individual capacity as Co-Trustee of the Toni 1 Trust and in his individual capacity as Co-Trustee of the Halibut Trust demand judgment against Yukon Title Company, Inc., on the Owner's Policy as follows:

(a)  Compensatory damages in the amount of $250,000.00;

(b)  Punitive and exemplary damages equal to ten times the compensatory damages proven at trial;

(c)  Costs of this action;

(d)  Such other damages as may be proven at trial.

Dated 5/31/2019

_____
Barbara Tangwall, individually

_____
Barry Donnellan in his capacities stated above